UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARK A. MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-116 TS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Mark A. Moore, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time on August 18, 2005, in case ISP 05-08-0021 by the Conduct Adjustment Board at the Indiana State Prison.

Mr. Moore was found guilty of violating state law in violation of A-100 by participating in a criminal gang in violation of Indiana Code § 35-45-9-3. He raises four grounds in this habeas corpus petition: First, he states that he was not given twenty-four hour notice of the Indiana Code section that he was accused of violating. Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including advance written notice of the charges. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, a citation to a particular rule or code section is unnecessary. *See Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) ("*Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor."). Rather the charge must give notice of sufficient facts to inform the accused of the behavior with which he is charged.

On August 2, 2005, Mr. Moore received the Investigation Report and the Conduct Report which stated, "See report of investigation." DE 1-2 at 2. These two documents notified him of the charges against him. The Report of Investigation clearly stated that he was accused of criminal gang

activity because he was seen with other known gang members on July 1, 2005, at about 4:55 p.m. on the 400/300 ranges, where a brutal attack and fatal assault occurred. Furthermore, the Investigation Report listed the correct Indiana Code provision even though the Conduct Report did not. While that discrepancy created confusion and resulted in the continuation of his first hearing, it did not deprive the petitioner of notice of the charged offense. Mr. Moore is correct that only a state prosecutor can bring criminal charges, but, as he himself acknowledges, this is not a criminal prosecution. Mr. Moore objects in vain to the prison rules referencing state law and creating a conduct violation for any act which would otherwise be a violation of state law because prohibiting violations of state law in the prison did not deny him due process. Finally, Mr. Moore incorrectly alleges that the Conduct Report only informed him that he had violated state law and did not list the prison rule violation number. Although not required by *Wolff* or due process, both the Conduct Report and the Investigation Report listed the Code Number as A-100.

Second, Mr. Moore states that the Conduct Report and the attached Investigation Report "did not specify rule(s) allegedly violated" and that "he was never directly accused of any violation." Petition at 6, DE 1-1. As previously discussed, the Investigation Report attached to the Conduct Report listed both the state law and the prison rule that was violated and the conduct which gave rise to the charge against him.

Third, he states that there was insufficient evidence to sustain the finding of guilt. Mr. Moore argues that the statements against him only place him with a group at the time of the assaults; they do not say that he did anything other than be there. He argues that being with gang members during an attack does not prove that he was a gang member. While this evidence is admittedly thin,

> the findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum

2

> of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends— it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Hill*, 472 U.S. at 455–56 (1985).

Here, Mr. Moore acknowledges that he was seen standing with a group of gang members at the time of the assault and murder. This is some evidence that he is a gang member. *See Hill*, 472 U.S. at 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679,

680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

Fourth, he states that the Conduct Report violated the Adult Disciplinary Policy because it did not specify the name and criminal code citation of the state law he was accused of violating. As previously discussed, the forms did contain this information, but even if they had not, it would not have violated due process. Though he argues here that such an omission violated the Adult Disciplinary Policy, habeas corpus relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief on the basis of prison rule violation; therefore, in this proceeding, such violation would be irrelevant. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

For these reasons, the court the court **DENIES** this petition and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

SO ORDERED on October 30, 2006.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION